**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10104 |
| Plaintiff-Appellee, | D.C. No. 3:08-cr-00730-WHA-33 |
| v. | |
| DANILO ARTURO VELASQUEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted August 14, 2023**
San Francisco, California

Before: CALLAHAN and BADE, Circuit Judges, and ANTOON,*** District
Judge.

Danilo Arturo Velasquez appeals the district court's judgment reimposing a

life sentence after vacatur of one of Velasquez's four convictions on RICO-related

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

charges. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in all respects.

1. "We review for abuse of discretion a district court's denial of a motion to unseal, reversing only if the denial was 'illogical, implausible, or without support in inferences that may be drawn from the facts in the record.'" *United States v. Perez*, 962 F.3d 420, 434 (9th Cir. 2020) (footnote and citations omitted) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc)). Here, the district court acted well within its discretion when it denied Velasquez's request for "attorney's eyes only" access to the sealed resentencing transcript of a codefendant after weighing counsel's asserted need for the transcript against the reasons the transcript was sealed.[1] And having conducted an *in camera* review of the sealed transcript as requested by Velasquez, we find that any error in denying access was indeed harmless.

2. "We review the substantive reasonableness of a sentence imposed by the district court 'under an abuse-of-discretion standard,' 'and will provide relief only in rare cases.'" *United States v. Wilson*, 8 F.4th 970, 977 (9th Cir. 2021) (per curiam) (citations omitted) (first quoting *Gall v. United States*, 552 U.S. 38, 51 (2007); and then quoting *United States v. Ressam*, 679 F.3d 1069, 1088 (9th Cir.

---

[1] We would reach the same conclusion under Velasquez's proposed "special need" standard.

2

2012) (en banc)). Velasquez argues that the reimposed life sentence is substantively unreasonable because it resulted in an unwarranted disparity between his sentence and those of several of his coparticipants. We find no abuse of discretion. The district court duly considered Velasquez's sentencing-disparity argument and found it unpersuasive after rationally and meaningfully evaluating the 18 U.S.C. § 3553(a) factors, including the unique characteristics of Velasquez and his coparticipants and the nature and circumstances of their conduct. The court did not penalize Velasquez for exercising his Fifth Amendment right to trial and appeal rather than entering a guilty plea like some of his coparticipants.

**AFFIRMED.**